IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

|  |  |
|---|---|
| FENNER INVESTMENTS, LTD.,<br><br>       Plaintiff,<br><br>    v.<br><br>HEWLETT-PACKARD COMPANY<br>and DELL, INC.,<br><br>       Defendants. | Case No. 6:08-CV-273-LED<br><br>JURY TRIAL |

## DEFENDANT HEWLETT-PACKARD COMPANY'S
## ANSWER AND COUNTERCLAIMS

Defendant Hewlett-Packard Company ("HP"), by and through its undersigned counsel, responds to the Complaint for Patent Infringement ("Complaint") of Plaintiff Fenner Investments, Ltd. ("Plaintiff") and further counterclaims as follows:

### THE PARTIES

1.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and on that basis denies those allegations.

2.     Admitted.

3.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, and on that basis denies those allegations.

## JURISDICTION

4.      HP admits that Plaintiff purports to bring this action under 35 U.S.C. § 271 *et seq.*, and that Plaintiff purports to assert subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  HP denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere.  For the purposes of this action, HP admits that it does business in the Eastern District of Texas, and, on that basis, does not contest that jurisdiction is proper in the Eastern District of Texas.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint, and on that basis denies those allegations.

## VENUE

5.      HP denies that it has committed acts of infringement in the Eastern District of Texas or elsewhere.  HP admits that it does business in the Eastern District of Texas, and, for the purposes of this action, does not contest that venue is proper in the Eastern District of Texas. The remaining allegations set forth in Paragraph 5 state a legal conclusion to which no response is required; if such a response is required, HP denies those allegations.

## ALLEGED INFRINGEMENT OF U.S. PAT. NO. 7,145,906

6.      HP admits that exhibit "A" of the Complaint purports to be a copy of United States Patent No. 7,145,906 (the "'906 Patent"), and HP refers Plaintiff to that document for its full and complete contents.  HP admits that exhibit "B" of the Complaint purports to be a copy of the Certificate of Correction for United States Patent No. 7,145,906, and HP refers Plaintiff to that document for its full and complete contents.  HP denies all characterizations inconsistent therewith.  HP denies that the '906 Patent was legally issued or that it is valid and/or enforceable.

HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint, and on that basis denies those allegations.

7.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies those allegations.

8.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies those allegations.

9.     Denied.

10.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies those allegations.

11.     HP denies it is infringing and that Plaintiff is entitled to injunctive relief.  HP denies the remaining allegations in Paragraph 11 as they relate to HP.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of the Complaint, and on that basis denies those allegations.

## ALLEGED INFRINGEMENT OF U.S. PAT. NO. 5,842,224

12.     HP admits that exhibit "D" of the Complaint purports to be a copy of United States Patent No. 5,842,224 (the "'224 Patent"), and HP refers Plaintiff to that document for its full and complete contents.  HP denies all characterizations inconsistent therewith.  HP denies that the '224 Patent was legally issued or that it is valid and/or enforceable.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 of the Complaint, and on that basis denies those allegations.

13.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis denies those allegations.

14.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis denies those allegations.

15.     Denied.

16.     HP lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis denies those allegations.

17.     HP denies that it is infringing and that Plaintiff is entitled to injunctive relief.  HP denies the remaining allegations in Paragraph 17 as they relate to HP.  HP lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of the Complaint, and on that basis denies those allegations.

## JURY DEMAND

18.     HP admits that Plaintiff demands a trial by jury on all issues so triable in this action pursuant to Local Rule CV 38(a) and Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

19.     HP denies that Plaintiff is entitled to the relief requested in paragraph (d), and denies that Plaintiff is entitled to the relief requested in paragraphs (a) - (c) and (e) - (h) of Plaintiff's Prayer for Relief as those requests relate to HP.  HP denies that it is infringing.  HP lacks knowledge or information sufficient to form a belief as to the remaining allegations set

forth in paragraphs (a) - (c) and (e) - (h) of Plaintiff's Prayer for Relief, and on that basis denies those allegations.

20.    To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, HP denies them.

## DEFENSES

Without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, HP, for its defenses, pleads:

### FIRST DEFENSE
### (OWNERSHIP OF U.S. PATENT NO. 7,145,906)

21.    Plaintiff has failed to provide adequate evidence of ownership of the '906 Patent.

### SECOND DEFENSE
### (OWNERSHIP OF U.S. PATENT NO. 5,842,224)

22.    Plaintiff has failed to provide adequate evidence of ownership of the '224 Patent.

### THIRD DEFENSE
### (LACK OF STANDING)

23.    Plaintiff lacks standing to bringing suit for alleged infringement of the '906 and '224 Patents.

### FOURTH DEFENSE
### (FAILURE TO STATE A CLAIM)

24.    The Complaint fails to state a claim for which relief can be granted against HP.

### FIFTH DEFENSE
### (INVALIDITY OF U.S. PAT. NO. 7,145,906)

25.    The '906 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## SIXTH DEFENSE
## (INVALIDITY OF U.S. PAT. NO. 5,842,224)

26.    The '224 Patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## SEVENTH DEFENSE
## (UNENFORCEABILITY OF U.S. PAT. NO. 7,145,906)

27.    On information and belief, at least the asserted claims of the '906 Patent are invalid and unenforceable due to Plaintiff's inequitable conduct.  In prosecuting the application that ultimately issued as the '906 Patent, Plaintiff (and/or its predecessor-in-interest, attorneys or agents hereinafter, simply "Plaintiff") failed to act with the degree of candor and good faith required in prosecuting a patent application before the United States Patent and Trademark Office ("PTO").  In particular, Plaintiff misrepresented and withheld material information with the intent to deceive the PTO.

28.    At the same time it was prosecuting the '906 Patent, Plaintiff was litigating a case involving U.S. Pat. No. 6,819,670, the parent of the '906 Patent (the "'670 Patent" and the "'670 Patent Litigation").  During the course of the '670 Patent Litigation, the defendants in that case provided Plaintiff with a large number of prior art references.  These defendants also provided Plaintiff with invalidity charts that set forth a detailed roadmap to the material elements of these numerous prior art references.

29.    Over a year later, and only after the PTO had rejected the '906 Patent application on the basis of non-statutory type double patenting, Plaintiff dumped on the PTO during the prosecution of the '906 Patent a voluminous amount of the prior art references from the '670 Patent Litigation.  In its submission, Plaintiff did not identify references it knew to be material to

the currently asserted claims. On information and belief, Plaintiff submitted this large number of references with the intent to obscure and to mislead the PTO from focusing on material references. Further, on information and belief, Plaintiff intentionally omitted from its submissions the roadmap to the references; Plaintiff intentionally withheld the invalidity charts asserted in the '670 Patent Litigation, which disclosed and explained certain of the prior art references and contained information that the examiner would have reasonably considered important in deciding whether to allow the claims of the currently asserted '906 Patent. Plaintiff's intent to deceive the PTO is shown, at least in part, by its failure to submit the invalidity charts pertaining to the claims of the '670 Patent.

**EIGHTH DEFENSE**
**(NON-INFRINGEMENT OF U.S. PAT. NO. 7,145,906)**

30.    HP has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim the '906 Patent.

**NINTH DEFENSE**
**(NON-INFRINGEMENT OF U.S. PAT. NO. 5,842,224)**

31.    HP has not infringed, induced another to infringe, or contributed to another's infringement of any valid and enforceable claim of the '224 Patent.

**TENTH DEFENSE**
**(CLAIMS BARRED)**

32.    Plaintiff's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

**ELEVENTH DEFENSE**
**(LIMITATIONS ON DAMAGES AND COSTS)**

33.    Plaintiff failed to provide adequate notice to HP of alleged infringement and thus, is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the

Complaint.  Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## TWELFTH DEFENSE
## (PLAINTIFF CANNOT PROVE EXCEPTIONAL CASE)

34.    Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against HP pursuant to 35 U.S.C. § 285.

## THIRTEENTH DEFENSE
## (EQUITABLE DEFENSES)

35.    Plaintiff is barred in whole or in part under principles of equity, including laches, prosecution laches, waiver, estoppel, and/or unclean hands.  Plaintiff is also barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated.

## FOURTEENTH DEFENSE
## (ADEQUATE REMEDY AT LAW)

36.    Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and Plaintiff has an adequate remedy at law.

## FIFTEENTH DEFENSE
## (WAIVER)

37.    Plaintiff is barred from asserting the '906 and '224 Patents and/or from collecting damages thereunder, pursuant to the doctrine of waiver.

## SIXTEENTH DEFENSE
## (GOVERNMENT SALES)

38.    To the extent that certain products accused of infringing the '906 and '224 Patents are used by and/or manufactured for the United States Government, Plaintiff's claims against HP with respect to such products may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## ADDITIONAL DEFENSES RESERVED
## (RESERVATION OF ADDITIONAL DEFENSES)

39.     HP reserves all defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future.

## COUNTERCLAIMS

40.     Without waiver of any of its rights, including the right to seek dismissal and/or transfer of this action, HP, by and through its undersigned counsel, and by way of Counterclaims against Plaintiff, alleges:

## NATURE OF THE ACTION

1.     This is an action by defendant and counter-claimant HP pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement, invalidity, and unenforceability of U.S. Pat. No. 7,145,906 (the "'906 Patent") and 5,842,224 (the "'224 Patent").

## PARTIES

2.     HP is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 300 Hanover Street, Pal Alto, California 94304.

3.     Upon information and belief, Plaintiff is a corporation organized under the laws of the State of Texas and maintains its principal place of business in Richardson, Texas.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the United States patent laws, 35 U.S.C. § 1, *et seq.*, and seek relief for which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

6.      Plaintiff has sued HP for patent infringement of the '906 and '224 Patents.  HP denies infringement and denies that the patents are valid or enforceable.  There is therefore a substantial, actual, and continuing controversy between Plaintiff and HP as to the validity, enforceability and infringement of the '906 and '224 Patents.

7.      Plaintiff has consented to personal jurisdiction by commencing its action for patent infringement in this judicial jurisdiction, as set forth in Plaintiff's Complaint.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF U.S. PAT. NO. 7,145,906)**

8.      HP repeats and realleges each allegation set forth in Paragraphs 1 through 7 of these counterclaims as though fully set forth herein.

9.      HP has not infringed and does not infringe any valid and/or enforceable claim of the '906 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

10.     A judicial declaration that HP does not infringe the '906 Patent is necessary and appropriate at this time so that HP can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '906 Patent.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF**
**NON-INFRINGEMENT OF U.S. PAT. NO. 5,842,224)**

11.     HP repeats and realleges each allegation set forth in Paragraphs 1 through 10 of these counterclaims as though fully set forth herein.

12.     HP has not infringed and does not infringe any valid and/or enforceable claim of the '224 Patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

13.    A judicial declaration that HP does not infringe the '224 Patent is necessary and appropriate at this time so that HP can ascertain its rights and duties with respect to the products and/or services that Plaintiff accuses of infringing the '224 Patent.

### THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 7,145,906)

14.    HP repeats and realleges each allegation set forth in Paragraphs 1 through 13 of these counterclaims as though fully set forth herein.

15.    The '906 Patent is invalid under the provisions of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

16.    A judicial declaration that the '906 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that HP can ascertain its rights and duties with respect to the products and/or services Plaintiff accuses of infringing the '906 Patent.

### FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 5,842,224)

17.    HP repeats and realleges each allegation set forth in Paragraphs 1 through 16 of these counterclaims as though fully set forth herein.

18.    The '224 Patent is invalid under the provisions of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

19.    A judicial declaration that the '224 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that HP can ascertain its rights and duties with respect to the products and/or services Plaintiff accuses of infringing the '224 Patent.

**FIFTH COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF**
**UNENFORCEABILITY OF U.S. PAT. NO. 7,145,906 - INEQUITABLE CONDUCT)**

20.    HP alleges and incorporates by reference the allegations of paragraphs 1 through 19 of its Counterclaims.

21.    On information and belief, at least the asserted claims of the '906 Patent are invalid and unenforceable due to Plaintiff's inequitable conduct.  In prosecuting the application that ultimately issued as the '906 Patent, Plaintiff (and/or its predecessor-in-interest, its attorneys or agents – hereinafter simply "Plaintiff") failed to act with the degree of candor and good faith required in prosecuting a patent application before the United States Patent and Trademark Office ("PTO").  In particular, Plaintiff misrepresented and withheld material information with the intent to deceive the PTO.

22.    At the same time it was prosecuting the '906 Patent, Plaintiff was litigating a case involving U.S. Pat. No. 6,819,670, the parent of the '906 Patent (the "'670 Patent" and the "'670 Patent Litigation").  During the course of the '670 Patent Litigation, the defendants in that case provided Plaintiff with a large number of prior art references.  These defendants also provided Plaintiff with invalidity charts that set forth a detailed roadmap to the material elements of these numerous prior art references.

23.    Over a year later, and only after the PTO rejected the '906 Patent application on the basis of non-statutory type double patenting, Plaintiff dumped on the PTO during the prosecution of the '906 Patent a voluminous amount of the prior art references from the '670 Patent Litigation.  In its submission, Plaintiff did not identify references it knew to be material to the currently asserted claims.  On information and belief, Plaintiff submitted this large number of references with the intent to obscure and to mislead the PTO from focusing on material references.  Further, on information and belief, Plaintiff intentionally omitted from its

submissions the roadmap to the references; Plaintiff intentionally withheld the invalidity charts asserted in the '670 Patent Litigation, which disclosed and explained certain of the prior art references and contained information that the examiner would have reasonably considered important in deciding whether to allow the claims of the currently asserted '906 Patent. Plaintiff's intent to deceive the PTO is shown, at least in part, by its failure to submit the invalidity charts pertaining to the claims of the '670 Patent.

24.     HP is entitled to a declaration that the claims of the '906 Patent are unenforceable.

## RESERVATION OF ADDITIONAL COUNTERCLAIMS

25.     As discovery in this case has not yet commenced, and as HP continues to investigate the allegations set forth in the Complaint, HP specifically gives notice that it intends to assert additional counterclaims as may become available by law, statute, or upon discovery in this case.  As such, HP hereby reserves the right to amend its Answer and to assert such additional counterclaims as allowed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Texas.

## PRAYER FOR RELIEF

HP respectfully prays for the following relief:

A.     That Plaintiff take nothing by its Complaint;

B.     That the Court dismiss each and every claim related to HP in Plaintiff's Complaint with prejudice;

C.     That the Court find and enter a judgment declaring the '906 and '224 Patents each to be invalid under 35 U.S.C. §§ 101, 102, 103, and 112;

D.     That the Court find and enter a judgment declaring the '906 Patent to be unenforceable;

E.    That the Court find and enter a judgment declaring that no claim of the '906 or '224 Patent is infringed or has been infringed by HP;

F.    That the Court find and enter a permanent injunction restraining Plaintiff and its officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from suing or threatening to sue for infringement of the '906 or '224 Patent on the basis of the making, using, selling, offering for sale, or importing of any HP product or service;

G.    That the Court find and enter a judgment declaring that this is an exceptional case justifying award of attorney fees against the Plaintiff pursuant to 35 U.S.C. § 285; and

H.    That the Court award HP any other relief the Court may deem just, equitable, and proper.

Dated: September 19, 2008                    Respectfully Submitted,

                                             /s/ *Jennifer Parker Ainsworth*
                                            Jennifer Parker Ainsworth
                                            State Bar Number 00784720
                                            WILSON, ROBERTSON & CORNELIUS, P.C.
                                            P.O. Box 7339
                                            Tyler, Texas 75711
                                            Telephone:  903-509-5000
                                            Facsimile:  903-509-5091
                                            E-mail:  jainsworth@wilsonlawfirm.com

                                            *Attorneys for Defendant and Counter-Claimant*
                                            Hewlett-Packard Company

Of Counsel:

J. Anthony Downs
Lana S. Shiferman
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
Telephone:  (617) 570-1000
Facsimile:  (617) 523-1231
E-mail:  jdowns@goodwinprocter.com
E-mail:  lshiferman@goodwinprocter.com

Mark J. Abate
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
Telephone:  (212) 813-8800
Facsimile:  (212) 355-3333
E-mail:  mabate@goodwinprocter.com

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service, Local Rule CV-5(a)(3)(A), on this the 19th day of September, 2008.

/s/ Jennifer P. Ainsworth_____
Jennifer P. Ainsworth