IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **FENNER INVESTMENTS, LTD.,** | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:08-CV-273-LED-JDL |
| **HEWLETT–PACKARD COMPANY and DELL INC.,** | § § § § | Jury Trial Demanded |
| Defendants. | § § | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT REGARDING NO
DIRECT INFRINGEMENT OF THE ASSERTED METHOD CLAIMS AND
TO PRECLUDE PRE-SUIT DAMAGES**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

II.  STATEMENT OF ISSUES TO BE DECIDED .................................................................. 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................... 2

    A.   Defendants Do Not Practice the Methods of Claim 3 of the '224 Patent or Claim 19 of the '906 Patent ............................................................................................................ 2

    B.   Defendants' Had No Pre-suit Notice of Infringement of the Patents-In-Suit ................ 3

    C.   Dell Had No Pre-suit Knowledge of the Patents-In-Suit and HP Had No Pre-suit Knowledge of the '906 Patent ....................................................................................... 3

    D.   Fenner's Licensee Failed To Mark Licensed Products with the Patent Numbers .......... 3

IV.  LEGAL STANDARD .......................................................................................................... 4

V.   ARGUMENT ....................................................................................................................... 4

    A.   Defendants Have Not Directly Infringed the Asserted Method Claims ........................ 4

    B.   Fenner Cannot Recover Pre-suit Damages .................................................................... 5

        1.   Dell Cannot be Liable for Indirect Infringement of Either Patents Prior to the Filing of Suit Because It Was Unaware of the Asserted Patents ............................ 5

        2.   HP Cannot Be Liable for Inducing Infringement of Claim 19 of the '906 Patent Because It Was Unaware of the '906 Patent Prior to the Filing Suit ....................... 6

        3.   Plaintiff's Failure to Provide Pre-suit Notice of Infringement or to Require Cisco to Mark Licensed Products Covered by the Patents Bars Pre-suit Damages .......... 6

VI.  CONCLUSION .................................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523 (Fed. Cir. 1993) ............................... 7

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ............... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................................... 4

*Devices for Med., Inc. v. Boehl*, 822 F.2d 1062 (Fed. Cir. 1987) ......................................... 7

*Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F.Supp.2d 312 (D. Del. 2006) ..... 4

*Joy Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993) ................................................... 5

*Mass. Inst. of Tech. v. Abacus Software, Inc.*, No. 5:01-CV344, 2004 WL 5268128 (E.D. Tex. Aug. 24, 2004) ............................................................................................... 4

*Maxwell v. J. Baker, Inc.*, 86 F.3d 1098 (Fed. Cir. 1996) ..................................................... 6

*On Command Video Corp. v. LodgeNet Entm't Corp.*, 1995 U.S. Dist. LEXIS 20192 (N.D. Cal. 1995) .................................................................................................................. 7

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.,* 127 F.3d 1462 (Fed. Cir. 1997) .................... 6

*Tech. Licensing Corp. v. Thomson Inc.*, 2005 WL 3974412 (E.D. Cal. 2005) ..................... 4

**STATUTES**

35 U.S.C. § 271(b) .................................................................................................................. 5

35 U.S.C. § 287(a) ............................................................................................................ 4, 6

**RULES**

Fed.R.Civ.P. 56(c) ................................................................................................................. 4

## I. INTRODUCTION

In this case, Plaintiff Fenner Investments Ltd. ("Plaintiff" or "Fenner") asserts that Defendants Hewlett Packard Company ("HP") and Dell Inc. ("Dell") infringe: (1) claim 3 of U.S. Patent No. 5,842,224 ("the '224 Patent"), and (2) claims 9 and 19 of U.S. Patent No 7,145,906 ("the '906 Patent").

By this motion, Defendants seek summary judgment that:

- Defendants do not directly infringe the asserted method claim 3 of the '224 Patent and method claim 19 of the '906 Patent;

- Defendants are not liable for indirect infringement of the method claims of the patents-in-suit prior to the time that they had knowledge of the patents in suit;[1] and

- Plaintiff is not entitled to pre-suit damages because Defendants had no notice of infringement of the patents-in-suit prior to the filing of this case and because Plaintiff failed to mark licensed products covered by the patents-in-suit.

## II. STATEMENT OF ISSUES TO BE DECIDED

Defendants respectfully request that the Court decide the following issues in this motion:

1. Whether Defendants directly infringed the asserted method claims.

2. Whether Defendants indirectly infringed the asserted method claims prior to the filing of the Complaint and before they had knowledge of the asserted patents.

3. Whether Plaintiff is entitled to damages pre-suit before providing notice of infringement to Defendants when it failed to mark licensed products covered by the patents-in-suit, in accordance with 35 U.S.C. Section 287(a).

---

[1] Defendants have moved to strike Plaintiff's belated indirect infringement claims. Those claims, however, are addressed in this motion because that motion to strike is pending. In addition, Fenner has never actually put forth any evidence or technical argument relating to a contributory infringement allegation and did not plead contributory infringement in its Complaint in this matter. However, Fenner and its expert have mentioned contributory infringement in passing in discovery responses and in the statement of law in its expert reports. While Defendants do not believe that contributory infringement is properly at issue in this case, Fenner could not, as a matter of law, prevail on such a theory pre-suit for the reasons stated herein.

III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1) Fenner filed this case on June 27, 2008. Fenner asserts that Defendants infringe claim 3 of the '224 Patent and claims 9 and 19 of the '906 Patent. Claim 3 of the '224 Patent and Claim 19 of the '906 Patent are method claims.

   A.   **Defendants Do Not Practice the Methods of Claim 3 of the '224 Patent or Claim 19 of the '906 Patent**

2) Plaintiff alleges infringement by three groups of products sold by Defendants: stand-alone Ethernet switches, blade switches, and blade servers. Ex. 1, excerpts from Exp. Rep. of A. Walding on Issues of Infringement, at 16. Plaintiff alleges that certain of Defendants' accused products infringe method claim 3 of the '224 Patent and method claim 19 of the '906 Patent when they use "Access Control Lists" (ACLs) in a network environment. *See id.* at 17.

3) Fenner's responses to Interrogatories related to its claims of infringement fail to identify a single, specific directly infringing act by either Defendant for claim 3 of the '224 Patent and claim 19 of the '906 Patent. Ex. 2.

4) The only claim in Fenner's expert report with regard to performing the allegedly infringing acts required by claim 3 of the '224 Patent and claim 19 of the '906 Patent is based on what Fenner alleges Defendants induce their customers to do. *See, e.g.*, Ex. 1 at 16-20.[2]

5) Although Defendants sell the accused products, Defendants do not **_use_** the accused products in a manner that Fenner alleges infringes method claim 3 of the '224 Patent or method claim 19 of the '906 Patent. *See* Ex. 3, excerpts from Dell's Suppl. Resp. to Interrogatories 5, 7, 8, 14, 15, 16 and 17 at 12; Ex. 4, excerpts from Second Suppl. Objections and Responses to Plaintiff's First Set of Interrogatories to HP (Nos. 9, 14, 15, 16, and 17) at 11.

---

[2] For example, p. 17 of the report states that "Details on how the ACLs and ACEs are used within the accused products can be found in the Infringement Charts. Information in these charts and other information obtained in discovery (such as deposition testimony) demonstrate inducement by the Defendants in instructing their customers to configure ACLs in ways that practice the inventions of the asserted claims."

### B.  Defendants' Had No Pre-suit Notice of Infringement of the Patents-In-Suit

6) This lawsuit was Dell and HP's first notice of alleged infringement of the patents-in-suit. Ex. 5, excerpts from Dell's Responses to Plaintiff's First Set of Interrogatories at 16; Ex. 6, excerpts from the Rule 30(b)(6) Deposition of Peter Fenner dated 10/28-29/2009, at 240:18-21, 409:9-22; Ex. 7, Plaintiff's Responses to Defendants' Third Set of Common Interrogatories, at 5-6; Ex. 18 at 4.

### C.  Dell Had No Pre-suit Knowledge of the Patents-In-Suit and HP Had No Pre-suit Knowledge of the '906 Patent

7) Similarly, Dell had no knowledge of either patent-in-suit prior to the filing of this case, while HP had no pre-suit knowledge of the '906 patent. Ex. 5 at 16; Ex. 17, Objections and Responses to Plaintiff's First Set of Interrogatories To Defendant HP, at 19.

### D.  Fenner's Licensee Failed To Mark Licensed Products with the Patent Numbers

8) Cisco has been a licensee of the asserted patents since September 2006. Ex. 8, Settlement and License Agreement between Fenner and Cisco Systems, Inc.

9) Cisco sold products that included ACLs similar to those in the Defendants' products accused of infringing the '224 and '906 Patents. *See* Ex. 9, excerpts from the Expert Report of Dr. Narasimha Reddy Report, ¶ 82; Ex. 10, Cisco White Paper titled "Understanding ACL Merge Algorithms and ACL Hardware Resources on Cisco Catalyst 6500 Switches;" Ex. 11, End of Sale table from http://www.cisco.com/en/US/prod/collateral/modules/ps2706/ps780/end_of_life_notice _c51-526249.html; Ex. 12, Dell PowerConnect Application Note #10 (January 2004) titled "How Are PowerConnect ACLs Different From Cisco ACLs?" at 2, for example; Ex. 13, excerpts from the 1/21/2010 Deposition of Fenner's Infringement Expert Witness, Andrew Walding, at 254:5-256:24 and 289:14-291:25; Ex. 14, excerpts from the Expert Report of Dr. Steven Bellovin at 71.

10) One such product is the Cisco Catalyst 6500 product line, which included ACL functionality and was sold up through October 2009. Ex. 9, ¶ 82 and Ex. 14 at 71.

11) Other Cisco products that include ACLs are referenced in notebook entries produced from Fenner's files. Ex. 15. Another document produced by Fenner suggests that the Cisco 7600 Optical

Services router product had ACLs that implement source address filtering. Ex. 16; Ex. 14 at 71.

12) In the license agreement with Fenner, Cisco was not required to mark the patent numbers on products that practiced the '224 and '906 Patents and did not mark its products in accordance with 35 U.S.C. § 287(a). Ex. 6 at 243:6-243:19; Ex. 8.

### IV. LEGAL STANDARD

Summary judgment is appropriate when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Patent cases are treated no differently, and courts often grant summary judgment in patent cases, where, as here, resolution of threshold legal questions ends the inquiry. *See Tech. Licensing Corp. v. Thomson Inc.*, 2005 WL 3974412 (E.D. Cal. 2005) (finding that where "Plaintiff has presented no evidence that defendant used the methods claimed in [the asserted] patent … summary judgment of no direct infringement of [the asserted] method claims … is appropriate."); *Mass. Inst. of Tech. v. Abacus Software, Inc.*, No. 5:01-CV344, 2004 WL 5268128, at *5, *28 (E.D. Tex. Aug. 24, 2004) (citing Federal Circuit authority to support finding on summary judgment that "[w]ithout knowledge of the patent, there can be no indirect infringement."); *Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F.Supp.2d 312, 317-22 (D. Del. 2006) (limiting patentee's damages on summary judgment for failure of licensee to mark products).

### V. ARGUMENT

**A. Defendants Have Not Directly Infringed the Asserted Method Claims**

"A method claim is directly infringed only by one practicing the patented method." *Joy*

4

*Techs. Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) (emphasis omitted).  Sale of an apparatus, even where the apparatus is capable of performing only the patented method, does not constitute direct infringement of a method claim.  *Id.*  Direct infringement is only shown when a plaintiff presents evidence that an accused infringer practiced the claimed method.  *See id.*

There is zero evidence that Defendants practice the claimed methods.  Fenner's infringement contentions are confined to the **_use_** of the accused products to perform the acts required by the asserted method claims, but they fail to put forth evidence that Defendants use the accused products to perform the claimed methods.  Moreover, Defendants indicated in Interrogatory responses that they do not perform the filtering operations required by the methods of claim 3 of the '224 Patent or claim 19 of the '906 Patent.  Ex. 3 at 12; Ex. 4 at 11.  Because Plaintiff has come forward with no evidence that Defendants practice the asserted method claims themselves, summary judgment should be granted that Defendants do not directly infringe claim 3 of the '224 Patent and claim 19 of the '906 Patent.

    **B.**    **Fenner Cannot Recover Pre-suit Damages**
    **1.**    **Dell Cannot be Liable for Indirect Infringement of Either Patents Prior to the Filing of Suit Because It Was Unaware of the Asserted Patents**

A prerequisite for indirect infringement, in any form, is knowledge of the patent asserted.  Inducement under 35 U.S.C. § 271(b) requires "actively and knowingly aiding and abetting another's direct infringement," thus requiring knowledge of the patent.  *Abacus Software*, 2004 WL 5268128 at *28 (citing Federal Circuit authority).  Without evidence of a defendant's knowledge of the patent asserted, a plaintiff cannot maintain a claim for indirect infringement in any form.  *See id.* at *30.  As noted above, Defendants have separately moved to strike Plaintiff's belated indirect infringement theories.  In addition, any theory of indirect infringement for any period prior to the filing of this lawsuit against Dell must fail as a matter of law because Plaintiff has failed to put forth evidence that Dell was aware of the asserted patents prior to the filing of this lawsuit.  *See Abacus*

*Software* at *28-29. Indeed, the evidence is to the contrary—Dell was not aware of the asserted patents prior to the institution of this lawsuit. *See* Ex. 1 at 16; *see also* Ex. 6 at 240:18-21 and Ex. 7 at 5-6. Thus, there is no issue of material fact regarding Dell's knowledge of the asserted patents.

  **2.**  **HP Cannot Be Liable for Inducing Infringement of Claim 19 of the '906 Patent Because It Was Unaware of the '906 Patent Prior to the Filing Suit**

Likewise, HP cannot be liable for inducing infringement of claim 19 of the '906 Patent because HP did not have knowledge of the '906 Patent prior to the filing of this case.[3] Ex. 17, at 19; Ex. 6 at 409:9-22; Ex. 2, Plaintiff's Responses to Defendants' Third Set of Common Interrogatories to Fenner Investments, Ltd., at 5-6.

  **3.**  **Plaintiff's Failure to Provide Pre-suit Notice of Infringement or to Require Cisco to Mark Licensed Products Covered by the Patents Bars Pre-suit Damages**

Defendants also cannot be liable for pre-lawsuit damages for a separate reason: failure to mark. A patentee must provide notice of infringement to an alleged infringer as a prerequisite for obtaining damages in a suit for patent infringement. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). Actual knowledge of the patent at issue is insufficient to satisfy this statutory notice requirement. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 186-87 (Fed. Cir. 1994). Rather, the Federal statute requires "the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.* at 187; *see also SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997). The patent owner bears the burden of pleading and proving notice. *Maxwell,* 86 F. 3d at 1111. According to 35 U.S.C. § 287(a), a patentee that makes, offers for sale or sells within the United States any patented article

---

[3] Documents recently produced by Plaintiff indicate that Plaintiff will contend that HP had pre-suit knowledge of the '224 Patent because the '224 Patent was identified as prior art during the prosecution of six U.S. patents assigned to HP. HP disputes that such evidence could provide sufficient evidence of "knowledge" of the '224 Patent for purposes of establishing liability for inducing infringement by others. The Court need not address the issue because as HP demonstrates herein lack of notice of infringement precludes pre-suit damages and, in the separately filed Motion for Summary Judgment of Non-Infringement of Claim 3 of the '224 Patent, it cannot be liable for such infringement at all.

may, as an alternative to actual notice, provide constructive notice of the patent by appropriately marking the patented articles.[4] *See On Command Video Corp. v. LodgeNet Entm't Corp.*, 1995 U.S. Dist. LEXIS 20192, at *6 (N.D. Cal. 1995). Failure to mark patented articles however, bars the patentee from recovering damages for any period prior to actual notice. § 287(a). The marking requirement of § 287(a) applies to both a patentee *and its licensees* (i.e., "persons making, offering for sale, or selling . . . any patented article for or under" the patentee). *See*, *e.g.*, *Amsted,* 24 F.3d at 185 (explaining that "[a] licensee who makes or sells a patented article does so for or under the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked"); *see also Inline Connection Corp. v. AOL Time Warner Inc.*, 465 F.Supp.2d 312, 317-22 (D. Del. 2006) (finding that a patentee whose licensees fail to mark does not get the benefit of the constructive notice provision of § 287).

The marking requirement prohibits pre-notice recovery for infringement of both method claims and apparatus claims in circumstances where the patentee asserts both apparatus and method claims, and the patented product that could have been marked (here, the Cisco product) is covered by an apparatus claim and its use by a method claim. *See Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987); *American Med. Sys.,* 6 F.3d at 1538-39. This is true whether the apparatus and method claims appear in separate patents or in a single patent. In *Devices for Medicine*, the patentee asserted three patents—one having only method claims, one having only apparatus claims, and one having both types of claims. The Federal Circuit applied the marking obligations of § 287 to all three patents, thus limiting the period for which the patentee could recover damages, stating, "[t]he claimed method is the use of the product. Having sold the product unmarked, [the patentee] could hardly maintain entitlement to damages for its use by a purchaser

---

[4] A patentee must not only prove compliance with the marking requirement, but must prove that marking was substantially consistent and continuous for the relevant time period. *Maxwell*, 86 F.3d at 1111; *see also Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993).

uninformed that such use would violate [the patentee's] method patent." *Devices for Med.*, 822 F.2d at 1066.

Plaintiff asserts that certain of Defendants' products infringe an apparatus and a method claim in its '906 Patent and a method claim of the '224 Patent, all because of their use of ACLs. Ex. 1 at 17. Specifically, Plaintiff alleges that the "common method used today to filter source to destination specific traffic is … 'Access Control Lists' (ACLs)," and further, that "[e]very accused switch product supports this practice, and when these methods are used, the products directly infringe Claim 3 of the '224 patent and Claims 9 [and] 19…of the '906 patent." *Id.*

Cisco holds a license to practice the asserted patents, pursuant to a Settlement and License Agreement between Cisco and Fenner. Ex. 8. The Cisco Settlement and License Agreement specifically identifies each of the asserted patents—the '224 Patent by patent number and the '906 Patent by patent application number.[5] *Id.* at 3.

As of the date of execution of the Cisco License Agreement, Cisco was selling products having the same ACL functionality as products that are accused in this case of infringing the '224 and '906 Patents. *See* Ex. 6 at 242:3-243:19; Ex. 9, ¶ 82. As admitted by the inventor himself, Cisco's products with ACL functionality were licensed under the asserted patents as of the September 2006 Cisco License Agreement. *Id.* One such product, the Cisco Catalyst 6500 product line, was sold from July 2003 through October 2009. *See* Ex.9, ¶ 82; Ex. 10.

Plaintiff has presented no evidence that products sold by Cisco incorporating the licensed technology of the '224 and '906 Patents complied with the marking requirement of § 287(a). In fact, Mr. Peter Fenner testified to the contrary—that despite Cisco's license under the asserted patents and sales of products covered by the asserted patents, "[t]hey're not required to [mark] by my license…." Ex. 6 at 243:6-19. Further, because Plaintiff asserts that the accused devices infringe method and

---

[5]The Cisco License Agreement was signed a few months before the '906 Patent issued on December 5, 2006.

apparatus claims in the '906 Patent, and that the use of those same devices infringe method claim 3 of the '224 Patent, § 287(a) bars recovery as to both the method and apparatus claims asserted for any period prior to actual notice of infringement. *See Devices for Med.*, 822 F.2d at 1066; *Am. Med. Sys., Inc.*, 6 F.3d at 1538-39.

It is undisputed that Plaintiff did not provide actual or constructive notice of infringement to Defendants prior to the filing of this lawsuit. *See* Ex. 6 at 240:18-21. *See* Ex. 6 at 240:18-21, 409:9-22; Ex. 18; *Amsted Indus.*, 24 F.3d at 187. Accordingly, Defendants are entitled to a summary judgment ruling that Plaintiff cannot recover damages for the period prior to the filing of the lawsuit.

## VI. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant summary judgment that: (1) Defendants do not directly infringe the asserted method claims of the '906 and '224 Patents; and (2) Plaintiff is not entitled to recover pre-suit damages because (a) Dell lacked pre-suit knowledge of the patents-in-suit, thus barring recovery for indirect infringement of the method claims in suit; (b) HP lacked pre-suit knowledge of the '906 patent, thus barring recovery of pre-suit damages on method claim 19 of the '906 patent; and (c) Plaintiff failed to provide pre-suit actual notice of infringement to Defendants and failed to require Cisco to mark products covered by the asserted claims of both patents , thus barring pre-suit recovery on all asserted claims.

Dated:  February 19, 2010

Respectfully Submitted,

*/s/ Mark J. Abate*  
Mark J. Abate  
New York State Bar No. 2241073  
Ankur P. Parekh  
Charles Wizenfeld  
GOODWIN PROCTER LLP  
The New York Times Building  
620 Eighth Avenue  
New York, NY 10018-1405  
Telephone:  (212) 813-8800  
Facsimile:  (212) 355-3333  
E-mail:  mabate@goodwinprocter.com  
E-mail:  aparekh@goodwinprocter.com  
E-mail:  cwizenfeld@goodwinprocter.com  

J. Anthony Downs  
Massachusetts State Bar No. 552839  
Lana S. Shiferman  
Massachusetts State Bar No. 645024  
GOODWIN PROCTER LLP  
53 State Street  
Boston, MA 02109  
Telephone:  (617) 570-1000  
Facsimile:  (617) 523-1231  
E-mail:  jdowns@goodwinprocter.com  
E-mail:  lshiferman@goodwinprocter.com  

Jennifer Parker Ainsworth  
State Bar Number 00784720  
WILSON, ROBERTSON & CORNELIUS, P.C.  
One American Center  
909 ESE Loop 323, Suite 400  
Tyler, TX 75701  
Telephone:  903-509-5000  
Facsimile:  903-509-5091  
E-mail:  jainsworth@wilsonlawfirm.com  

*Attorneys for Defendant*  
HEWLETT-PACKARD COMPANY

*/s/ Michael J. Newton*  
Michael J. Newton  
State Bar No. 24003844  
Dwayne C. Norton  
(admitted *pro hac vice*)  
ALSTON & BIRD, LLP  
2200 Ross Avenue, Suite 3601  
Dallas, TX  75201  
Telephone:  (214) 922-3400  
Facsimile:  (214) 922-3899  
Email:  mike.newton@alston.com  
Email:  dwayne.norton@alston.com  

Ronald J. Pabis  
WEIL GOTSHAL & MANGES, LLP  
1300 Eye Street NW, Suite 900  
Washington, DC  20005  
Telephone:  (202) 682-7000  
Facsimile:  (202) 857-0940  
Email:  ronald.pabis@weil.com  

Jared Bobrow  
WEIL GOTSHAL & MANGES, LLP  
201 Redwood Shores Parkway  
Redwood Shores, CA 94065  
Telephone:  (650) 802-3000  
Facsimile:  (650) 802-3100  
Email:  jared.bobrow@weil.com  

Anish R. Desai  
WEIL GOTSHAL & MANGES, LLP  
767 Fifth Avenue  
New York, NY 10153  
Telephone:  (212) 310-8000  
Facsimile:  (212) 310-8007  
Email:  anish.desai@weil.com  

*Attorneys for Defendant*  
DELL, INC.

**Certificate of Service**

The undersigned hereby certifies that the foregoing document was filed electronically on the 19th day of February, 2010 using the Court's Electronic Case Files "ECF" System and has been served on all counsel who have consented to electronic service.

*/s/ Michael J. Newton*