## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **FENNER INVESTMENTS, LTD.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:08-CV-273** |
| | § | |
| **HEWLETT-PACKARD CO., et al.** | § | |
| | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants Hewlett-Packard Company and Dell, Inc.'s ("Defendants")

Sealed Motion to Strike Portions of Plaintiff Fenner Investments, Ltd.'s ("Plaintiff") Expert Report

(Doc. No. 95).  Plaintiff filed a response (Doc. No. 99) and Defendants filed a reply (Doc.  No. 101).

The Court granted Defendants' unopposed request to substitute certain exhibits (Doc. Nos. 118, 120).

Plaintiff made an emergency motion to supplement its briefing with additional exhibits (Doc. No.

116).  The Court set an expedited briefing schedule (Doc. No. 119) and Defendants filed their

opposition (Doc. No. 126).  The Court heard argument on Defendants' motion to strike on February

23, 2010.  In open court, the Court granted Plaintiff's motion to supplement (Doc. No. 116).  Having

considered the parties' submissions and argument, the Court **DENIES** Defendants' motion to strike.

## BACKGROUND

Plaintiff has alleged Defendants infringe United States Patent Nos. 5,842,224 ("the '224 patent")

and 7,145,906 ("the '906 patent") (collectively, "the patents-in-suit") (Doc. No. 1).  Plaintiff specifically

contended Defendants infringe claims 3, 8, and 12 of the '224 patent and claims 9, 10, 19, 20, 19, and 30

of the '906 patent.[1]  DEFS.' MOT. EX. J.  On November 7, 2008, Plaintiff served its infringement

contentions pursuant to P.R. 3-1 (Doc. No. 37).  The Court held a Markman hearing on October 8, 2009

---

[1]  During the hearing on February 23, 2010, the parties advised the Court the allegations have been
narrowed to claim 3 of the '224 patent and claims 9 and 19 of the '906 patent.

(Doc. No. 81), and issued its claim construction opinion on November 4, 2009 (Doc. No. 84).[2]   On December 4, 2009, Plaintiff served its infringement expert report (Doc. No. 92).   Defendants contend certain portions of this report introduce new theories of infringement not previously included Plaintiff's infringement contentions.   DEFS.' MOT. at 1.   Defendants seek to strike those portions of the report and to preclude Plaintiff from offering those theories at trial.   *Id.* at 2.

## PARTIES' CONTENTIONS

Defendants contend Plaintiff's expert report introduced several new theories of infringement. DEFS.' MOT. at 1.   Defendants specifically identify theories of: 1) inducement; 2) infringement based on the combination of blade switches and blade servers; 3) infringement based on "virtualization" of blade servers; 4) infringement based on forwarding packets without modifying MAC addresses; and 5) infringement under the doctrine of equivalents.   *Id.* at 3-6.   Defendants argue these theories should be stricken from the expert report because Plaintiff's infringement contentions did not provide notice of them. *Id.* at 2.   Defendants further argue the Court should not grant Plaintiff leave to amend its contentions to cure these perceived deficiencies.   *Id.* at 8-13.

In response, Plaintiff contends its infringement contentions complied with P.R. 3-1 and provided Defendants with adequate notice of its theories.   PL.'S RESP. at 2-4, 6-13.   Plaintiff states Defendants' objections to its expert's discussion of the doctrine of equivalents is moot. *Id.* at 5-6.   With respect to the rest of Defendants' objections, Plaintiff argues its expert report does not introduce new theories of infringement.   *Id.* at 6-13.   Plaintiff further argues Defendants are responsible for failing to seek clarification, formally or informally, if they did not understand the scope of the infringement contentions. *Id.* at 4, 7, 10.   Finally, Plaintiff states it is not seeking to amend its infringement contentions and declines

---

[2]   Defendants objected to and moved for reconsideration of the Court's claim construction opinion (Doc. No. 91).   After briefing by the parties (Doc. Nos. 94, 98, 100), the District Judge overruled Defendants' objections, denied their motion for reconsideration, and adopted the Court's opinion (Doc. No. 103).

to address Defendants' argument on that point.  *Id.* at 5.

## LEGAL STANDARD

The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice of and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 WL 1368860, *3 (N.D. Cal. June 16, 2004)).  The Rules "requir[e] plaintiffs to disclose their [] infringement contentions before discovery has even begun." *American Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005).  Proper infringement contentions provide a defendant with notice of a plaintiff's infringement theories. *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 706 (E.D. Tex. 2008).  This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial.  *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 526 (E.D. Tex. 2005).

Expert infringement reports may not introduce theories not previously set forth in infringement contentions. *Cf. Anascape, Ltd. v. Microsoft Corp.*, 2008 WL 7180756, *4 (E.D. Tex. May 1, 2008) (striking portions of expert report that exceeded scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.*, 2006 WL 5153146, *1 (E.D. Tex. Mar. 27, 2007) (striking portions of expert report relying on prior art not disclosed in invalidity contentions).  The scope of infringement contentions and expert reports are not, however, coextensive.  Infringement contentions need not disclose "specific evidence nor do they require a plaintiff to prove its infringement case," *EON Corp. IP Holdings, LLC v. Sensus USA Inc.*, No. 6:09-cv-116, 2010 WL 346218, *2 (E.D. Tex. Jan. 21, 2010), whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them.  FED. R. CIV. P. 26(a)(2)(B).

## DISCUSSION

# I. Inducement

The Court is not persuaded by Defendants' objections to the inclusion of claims for inducement in the expert report.  Relying on this Court's decision in *Fenner Investments, Ltd. v. Juniper Networks, Inc.*, 236 F.R.D. 309 (E.D. Tex. 2006), Defendants argue P.R. 3-1 required explicit disclosure of inducement allegations in the infringement contentions.  DEFS.' MOT. at 7.  Contrary to Defendants' characterization, that case does not stand for the proposition that every allegation of indirect infringement must be detailed in the infringement contentions.  There, the plaintiff alleged indirect infringement pursuant to 35 U.S.C. § 271(f), which holds liable one who supplies components of a patented invention in a manner that induces infringement by combining the components.  *Fenner*, 236 F.R.D. 311.  The Court found the plaintiff's infringement contentions inadequate for failing to identify the alleged components.  *Id.*  Without identification of the components at issue, the plaintiff's contentions failed to provide notice of a theory of infringement.  *Id.*  This holding was limited solely to allegations arising under subsection f and has no applicability to general allegations of inducement.  Thus, Defendants assertion that P.R. 3-1 requires explicit disclosure of inducement allegations in the infringement contentions is incorrect.

The Court finds Plaintiff provided sufficient notice of its inducement claims.  In its complaint, Plaintiff alleged infringement under 35 U.S.C. § 271, which implicitly included subsection b.[3]  Later, in its infringement contentions, Plaintiff repeatedly relied on the Defendants' manuals, which Defendants provide to their customers, to illustrate the basis for infringement of each element of the patents-in-suit.  DEFS.' MOT. EXS. K-N; *see also Realtime Data, LLC v. Packeteer, Inc.*, No. 6:08-cv-144, 2009 WL 5216909, *2 n.3 (E.D. Tex. July 20, 2009) (noting the identification of evidence can assist in the notice

---

[3]  Defendants argue this brief recitation is insufficient even to state a claim of inducement pursuant to the standards set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct 1949 (2009).  Defendants overstate the facts, however, as Plaintiff's complaint conforms with the guidance provided by the Federal Rules of Civil Procedure's Appendix of Forms.  *See Davis-Lynch, Inc. v. Hilcorp Energy Co*, No. 6:09-cv-168, slip op. at 8 (E.D. Tex. Nov. 18, 2009) ("the forms in the Appendix suffice under these rules" (quoting FED. R. CIV. P. 84)).

function).  Moreover, Plaintiff explained in discovery responses its position that Defendants "intentionally and actively induce infringement of the accused products by providing written and verbal instructions to customers."  PL.'S RESP. EX. 3.  Therefore, the Court denies Defendants' request to strike this portion of the expert report.

## II. Combination of Switches & Servers

Defendants' objections to the expert report's discussion of switches and servers operating in cooperation identified two sources of disagreement between the parties: whether the expert was introducing a new theory of infringement; and whether Plaintiff's original infringement contentions encompassed servers programmed with operating systems other than Windows Server 2003.  The Court finds the expert report did not introduce a new theory of infringement and the infringement contentions were not limited to systems using Windows Server 2003.

Defendants allege the expert report improperly discusses blade switches and blade servers operating in cooperation.  DEFS.' MOT. at 4-5.  Plaintiff argues its original infringement contentions independently accused both switches and servers.  PL.'S RESP. at 9-11.  Although Defendants concede both types of products were independently accused, they argue the combination of the products constitutes a new theory of infringement.  DEFS.' REPLY at 4-5.  Plaintiff counters it is not attempting to put forth a theory that elements of an asserted claim may be met in part by a switch and in part by a server.  Rather, Plaintiff contends a switch meets all the claim limitations and the expert report merely explains their cooperative operation to provide a foundation for a convoyed sales damages theory.  The Court finds Plaintiff's explanation persuasive.  The expert report's describes the blade switches and servers operating in cooperation, but identifies only the switches as operating in an infringing manner.  DEFS.' MOT. EX. A at 16.  Plaintiff's original infringement contentions accused the switches of meeting all the limitations of the asserted claims.  Thus, Plaintiff is not introducing a new theory of infringement; it is identifying a

combination of products to serve as a basis for a damages theory.

Plaintiff's response to Defendants' objection revealed a further dispute as to the scope of the infringement contentions. PL.'S RESP. at 9-11. Defendants argue the infringement contentions accused only blade servers programmed with the Windows Server 2003 operating system. DEFS.' MOT. at 4-5. In response, Plaintiff explains the infringement contentions identified Windows Server 2003 as only one example of an operating system that may configure the accused servers to perform the claimed method. PL.'S RESP. at 10; *see, e.g.,* DEFS.' MOT. EX. M at 10 (describing the accused servers' use of "tools contained in server operating systems **such as** Windows Server 2003" (emphasis added)). Defendants argue this qualification is insufficient to expand the scope of the infringement contentions because Windows Server 2003 was the only operating system explicitly identified. DEFS.' REPLY at 4-5. Plaintiff's contentions were adequate to provide fair notice of the scope of its infringement theory. Defendants' alleged confusion as to the scope of the contentions may have been reasonable initially, but subsequent discovery made it explicitly clear Plaintiff did not intend the contentions to only encompass servers operating Windows Server 2003. *See* PL.'S RESP. EX. 4 at 280:2-300:17 (disagreeing with the proposition that Plaintiff was only accusing severs running Windows Server 2003). If Defendants were unclear as to the scope of the contentions, it was their responsibility to work with Plaintiff, informally or through motion practice, to clarify the issue. *See Orion IP LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 818 (E.D. Tex. 2006) ("A defendant cannot lay behind the log until late in the case and then claim it lacks notice as to the scope of the case or the infringement contentions"). "[T]he burden of notice the Patent Rules place on plaintiffs is intended to be a shield for defendants, not a sword." *Id.*

Finally, this dispute is more accurately characterized as a dispute about the merits of Plaintiff's infringement theory, rather than a dispute about whether Defendants had notice of the theory. Defendants tie infringement to the operation of operating systems, whereas the Plaintiff directs its infringement

6

argument to the function of the accused hardware.  Defendants disagree with Plaintiff's infringement analysis, and by virtue of their disagreement contend they had no notice of the scope of Plaintiff's theory. This is not a dispute that the Court should resolve when determining the sufficiency of infringement contentions or expert reports.  Rather, the parties will need to put their respective positions and argue the merits of their cases at the summary judgment stage and at trial.

For the foregoing reasons, the Court denies Defendants' request to strike this portion of the expert report.

### III. "Virtualization" of Servers

The Court is not persuaded by Defendants' objection to the expert report's description of "virtualized" servers.  Defendants contend this description introduces a new theory of infringement. DEFS.' MOT. at 5.  Plaintiff argues this is not a new theory, but rather an explanation of a growing trend in the use of blade servers.  PL.'S RESP. at 11-12.  Plaintiff explains the accused blade servers may be programmed to function as if they were several servers.  *Id.*  Virtualization is not a step of the claimed method.  The practice does not change how the servers allegedly infringe the claimed methods.  The expert report's explanation simply provides context for one of the environments in which the servers can infringe. Therefore, the report does not introduce a new theory of infringement or create a claim against a new type of product.  Accordingly, the Court denies Defendants' request to strike this portion of the expert report.

### IV. Forwarding Packets Without Modifying MAC Addressing

The Court finds Plaintiff's infringement contentions provided adequate notice of allegations against Layer 3 switches that may retain Layer 2 addressing information.  Layer 3 switching refers to routing based on IP addresses, whereas Layer 2 switching refers to routing based on MAC addresses.  DEFS.' MOT. at 5-6.  The asserted claims are directed at routing at the Layer 2 level.  PL.'S RESP. at 12.  Defendants argue the infringement contentions do not discuss whether Layer 3 switches retain MAC addressing information.

7

DEFS.' MOT. at 5-6.  Plaintiff argues the term "Layer 3 switches" does not have a definite meaning and is merely a marketing term describing switches capable of both Layer 2 and Layer 3 routing.  PL.'S RESP. at 12.  Additionally, Plaintiff contends it identified switches capable of "learn[ing] MAC addresses" in its infringement contentions.  *See, e.g.,* DEFS.' MOT. EX. M at 1.  The Court is unpersuaded Plaintiff's contentions failed to provide adequate notice of this theory of infringement.  Therefore, the Court denies Defendants' request to strike this portion of the report.

## V. Doctrine of Equivalents

Finally, Defendants' objections to two statements regarding the doctrine of equivalents are moot. The parties are in agreement that the first relates to a non-asserted claim.  Plaintiff has explained the second statement was included only because Defendants' motion to reconsider the claim construction was still pending.  PL.'S RESP. at 5-6.  As that motion has since been denied, the expert's comments regarding the doctrine of equivalents are superfluous.  Accordingly, Defendants' request to strike these portions is denied as moot.

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** Defendants' motion to strike portions of Plaintiff's expert report.

**So ORDERED and SIGNED this 26th day of February, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE